Christa TAYLOR, Appellant,

v.

Joe THOMPSON, Robert Neal, Neal's Auto Salvage & Wrecker Service, Rollie Rogers, and Marie Rogers Wright, Appellees.

No. 01–98–00519–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 16, 1999.

Rehearing Overruled Oct. 21, 1999.

Kenneth H. Molberg, Dallas, for Appellant.

Karl Douglas Drews, Rick McRory, R. Russell Hollenbeck, Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

DAVIE L. WILSON, Justice.

Appellant, Christa Taylor, appeals from rendition of summary judgment in favor of appellees, Joe Thompson, Robert Neal, Neal's Auto Salvage & Wrecker Service, Rollie Rogers, and Marie Rogers Wright. Taylor contends the trial court erred in granting appellees' motion for summary judgment on the ground that her claims were barred because appellees were not served until after the running of the statute of limitations. We affirm.

## Procedural Background

On August 30, 1996, Taylor filed her original petition, alleging a cause of action for negligence against Thompson, Rogers, and Wright arising from a motor vehicle accident which occurred on January 16, 1995. The petition also included a cause of action for negligent entrustment against Neal and/or Neal's Auto Salvage & Wrecker Service arising from the same accident. On January 14, 1997, Taylor requested a private process server to obtain service on Rogers, Wright, and Neal. On January 23, 1997, the District Clerk's office issued citation. Rogers and Wright were served on the same day. On February 11, 1997, Neal was served. Thompson was never served.

Rogers and Wright moved for summary judgment, claiming that Taylor's claims were barred by the statute of limitations because Taylor had failed to exercise due diligence in effecting service on them. The trial court rendered a take-nothing summary judgment in favor of Rogers and Wright.

On January 16, 1998, the case was called to trial. All parties stipulated on the record to evidence concerning when Taylor's petition was filed, when issuance of citation was requested, and when service of process was obtained. The trial court rendered final judgment in favor of all appellees on the basis that Taylor's claims were barred by the statute of limitations.

## Standard of Review

■ Statute of limitations is an affirmative defense. Tex.R. Civ. P. 94. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991); *Fernandez v. Memorial Healthcare Sys. Inc.,* 896 S.W.2d 227, 230

(Tex.App.—Houston [1st Dist.] 1995, writ denied). When a defendant moves for summary judgment on its affirmative defense, it must conclusively prove all the essential elements of its defense as a matter of law, leaving no issues of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Fernandez*, 896 S.W.2d at 230.

## Discussion

When a plaintiff files her petition within the limitations period but does not serve the defendants until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990); *Holstein v. Federal Debt Management, Inc.*, 902 S.W.2d 31, 35 (Tex.App.—Houston [1st Dist.] 1995, no writ). The plaintiff must exercise due diligence in the issuance and service of citation. *Murray*, 800 S.W.2d at 830; *Holstein*, 902 S.W.2d at 35. Because Taylor failed to serve citations on the appellees within the period of limitations, she had the burden to prove that she used due diligence in procuring the subsequent issuance and service of citation upon the defendants. *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex.App.—Houston [1st Dist.] 1992, no writ). An unexplained delay in effecting service constitutes a lack of due diligence. *Id.*

The issue before us is whether the record shows any evidence that Taylor used diligence in procuring the issuance and service of citation. *Id.* The duty to use due diligence continues from the date the suit is filed until the date the defendant is served. *Jimenez v. County of Val Verde*, 993 S.W.2d 167, 169 (Tex.App.—San Antonio 1999, pet.denied). Generally, the exercise of due diligence is a question of fact. *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied). However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Id.* The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Id.*

The record indicates that Taylor waited until two days before the statute of limitations ran to request a private firm to obtain citation on the defendants, more than four months after filing her original petition. It is the responsibility of the party requesting service, not the process server to see that service is properly accomplished. *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ). Therefore, any misplaced reliance on the process server does not constitute due diligence. *Id.*

The only excuse offered by Taylor for the delay is that an investigator was employed to confirm the address of Rogers and Wright because of confusion due to their different last names. However, Taylor admits through the affidavit of her trial counsel that the investigator was employed only "days" before January 16, 1997, the date limitations ran, more than four months after suit was filed. There is nothing in the record to indicate that Taylor unsuccessfully attempted service on Rogers and Wright before she hired the investigator. Furthermore, Rogers and Wright were served at the same address as that provided in the police report, an undisputed fact which could have been considered by the trial court in its determination that Taylor did not use due diligence to effect service.[1] Taylor offered no excuse for her failure to request citation and attempt service on Neal and/or Neal's Auto Salvage &

---

1. Rogers and Wright filed affidavits in which they stated they had resided at the same address since the date of the accident, which was the same address provided in the police report.

Wrecker Service or Thompson during the four month period between filing suit and the running of the statute of limitations. We hold as a matter of law that Taylor offered no valid excuse for the delay in service between filing suit and obtaining service on the defendants when the citation was first requested outside the limitations period.

Taylor further contends the defendants waived any defect in service by entering general appearances without challenging the propriety of the issuance or service of citation.[2] Taylor's reliance on *Gonzalez* to support her contention that appellees have waived service of citation is misplaced. The issue in *Gonzalez* was whether defendants waived a defect in service by making several appearances *within* the statute of limitations period. *Gonzalez*, 884 S.W.2d at 589 (emphasis added). The court of appeals determined the defendants had not waived service of process because the appearances were in connection with a another suit and were not connected with the suit filed by the plaintiff in that case. *Id.* Taylor does not cite any case law to support her contention that filing a general appearance waives service of process when the statute of limitations has run and there has been a lack of due diligence in the procurement of citation and service. We conclude that appellees did not waive the running of the statute of limitations when they filed a general appearance after the running of the statute of limitations.

We overrule appellant's sole point of error.

We affirm the judgment.

---

**2.** Appellees did not assert the affirmative defense of statute of limitations in their original answer, but amended their answer later to include the defense.