NUMBER 13-05-278-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

JOAN LABAY GUNDERMANN

AND ERIC GUNDERMANN,                                                         Appellants,

 

                                                             v.                                

 

BRYAN RAY BUEHRING, TAMMY

MAY, AND SHANNON MAY,                                                 Appellees.

 

     On
appeal from the 329th District Court of Wharton County, Texas.

 

 

                               MEMORANDUM
OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellants, Joan Labay Gunderman and Eric Gunderman,
appeal the trial court=s order granting summary judgment in favor of Bryan
Ray Buehrig on statute of limitations grounds and in favor of Tammy May and
Shannon May on grounds that there was no evidence of negligent
entrustment.  By three issues on appeal,
appellants argue the trial court erred in granting Bryan=s motion for summary judgment on limitations grounds
because (1) a fact issue exists as to whether due diligence was exercised in
obtaining service on Bryan; (2) Bryan had notice of the suit prior to the
running of the statute of limitations; and (3) Bryan acknowledged the justness
of the suit, and thus, under section 16.065 of the Texas Civil Practice and
Remedies Code, the claim was revived.  By
a fourth issue, appellants contend the trial court abused its discretion in
denying their motion for continuance of the hearing on Tammy and Shannon=s no-evidence motion for summary judgment.[1]  For the reasons stated below, we affirm
summary judgment.                      

I.  Background








On February 28, 2000, Joan and Eric were involved in
an automobile accident with a vehicle operated by Bryan Ray Buehrig and owned
by his parents, Tammy May and Shannon May. 
Almost two years later, on February 25, 2002, appellants sued Bryan, for
personal injuries, and Tammy and Shannon for negligent entrustment.  Appellants accomplished service of process on
Tammy and Shannon on February 27, 2002; however, they did not serve Bryan with
citation until sometime between October 25, 2003 and November 15, 2003.[2]  In response to the suit, Bryan filed an
answer and a motion for summary judgment asserting that appellants failed to
use due diligence in serving him with citation within the two‑year
statute of limitations.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003 (Vernon 2002).[3]  Tammy and Shannon also argued a no-evidence
motion for summary judgment on grounds that appellants could not produce any
evidence supporting their claim for negligent entrustment.  Prior to the hearing on the motions,
appellants filed a motion for continuance and a response to appellees= motions for summary judgment.  The trial court denied the continuance and
granted both the traditional and no-evidence motions for summary judgment.  Appellants then filed a motion to reconsider
the summary judgment.  The motion to
reconsider was granted, and after another hearing, the trial court affirmed
summary judgment in favor of appellees.   


II.  Standard of Review  

To obtain a traditional summary judgment, a party
moving for summary judgment must show that no genuine issue of material fact
exists and that the party is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985).  In reviewing the
grant of a summary judgment, we must indulge every reasonable inference and
resolve any doubts in favor of the non-movant. 
Johnson, 891 S.W.2d at 644; Nixon, 690 S.W.2d at 549.  In addition, we must assume all evidence
favorable to the non-movant is true.  Johnson,
891 S.W.2d at 644; Nixon, 690 S.W.2d at 548‑49.  








Statute of limitations is an affirmative
defense.  Tex. R. Civ. P. 4.  A
properly pleaded affirmative defense, supported by uncontroverted summary
judgment evidence, may serve as the basis for summary judgment.  Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 494 (Tex. 1991); Gant v. DeLeon, 786 S.W.2d 259, 260
(Tex. 1990); Taylor v. Thompson, 4 S.W.3d 63, 64 (Tex. App.BHouston [1st Dist.] 1999, pet. denied).  When a defendant moves for summary judgment
on an affirmative defense, he must conclusively prove all the essential
elements of the defense as a matter of law, leaving no issues of material fact.
 Gant, 786 S.W.2d at 260; Montgomery
v. Kennedy, 669 S.W.2d 309, 310‑11 (Tex. 1984); Taylor, 4
S.W.3d at 65.  If a defendant's motion
for summary judgment shows a lack of timely service, the burden shifts to the
plaintiff to explain the delay.  See
Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990). 








The established rule is that filing a suit will not
toll the running of the statute of limitations. 
Murray, 800 S.W.2d at 830; Taylor, 4 S.W.3d at 65.  To effectively interrupt the statute of
limitations, a plaintiff must file suit within the limitations period and
continuously exercise due diligence in procuring the issuance and service of
citation.  Hansler v. Mainka, 807
S.W.2d 3, 5 (Tex. App.BCorpus Christi 1991, no writ) (citations
omitted).  When a plaintiff files suit
within the limitations period, but fails to serve the defendant until after the
statutory period has expired, the date of service may relate back to the date
of filing if the plaintiff exercised diligence in effecting service.  Id.; Gant, 786 S.W.2d at
260.  The plaintiff must exercise due
diligence in the issuance and service of citation.  Murray, 800 S.W.2d at 830; Taylor,
4 S.W.3d at 65.  Because, in the present
case, appellants failed to serve citation on Bryan within the period of
limitations, they had the burden to prove that they used due diligence in
procuring the subsequent issuance and service of citation on Bryan.  See Gant, 786 S.W.2d at 260; Taylor,
4 S.W.3d at 65.  An unexplained delay in
effecting service constitutes a lack of due diligence. Taylor, 4 S.W.3d
at 65.  

Thus, the issue before us is whether the record
shows any evidence that appellants used diligence in procuring the issuance and
service of citation on Bryan.  Taylor,
4 S.W.3d at 65.  The duty to use due
diligence continues from the date the suit is filed until the date the
defendant is served.  Id.; see
Jimenez v. County of Val Verde, 993 S.W.2d 167, 169 (Tex. App.BSan Antonio 1999, pet. denied).  Generally, the exercise of due diligence is a
question of fact.  Taylor, 4
S.W.3d at 65; Hodge v. Smith, 856 S.W.2d 212, 215 (Tex. App.BHouston [1st Dist.] 1993, writ denied).  A fact question exists if the record reflects
a reasonable excuse for delay.  Martinez
v. Becerra, 797 S.W.2d 283, 285 (Tex. App.BCorpus
Christi 1990, no writ).  However, a lack
of diligence can be found as a matter of law where the plaintiff offers no
valid excuse for lack of service or the lapse of time and the plaintiff's acts
or inaction conclusively negate diligence.  Hodge, 856 S.W.2d at 215; Butler v.
Ross, 836 S.W.2d 833, 835‑36 (Tex. App.BHouston
[1st Dist.] 1992, no writ) (finding lack of diligence where there was a five
and one‑half month period of inactivity); 
Hansler, 807 S.W.2d at 5; Taylor, 4 S.W.3d at 66 (holding
that unexplained delay of four months between filing suit and service negated
diligence).  The two controlling factors
that establish due diligence are (1) whether the plaintiff acted as an ordinary
prudent person would act under the same circumstances and (2) whether the
plaintiff acted diligently up until the time the defendant was served.  Taylor, 4 S.W.3d at 65; Hodge,
856 S.W.2d at 215. 

III.  Due Diligence








By their first issue, appellants contend the trial
court erred in granting Bryan=s motion for summary judgment on limitations grounds
because a fact issue exists as to whether due diligence was exercised in
obtaining service.  

Because Eric was a minor at the time of the
accident, we first discuss the statute of limitations as it applies to
minors.   Eric was 16 at the time of the
accident and thus under a legal disability as provided by section 16.001 of the
Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 16.001 (Vernon 2002).  Sections 16.001 and 16.003 together provide a
general statute of limitations for minors= personal injury claims.  Section 16.003 establishes a two-year
limitations period, while section 16.001 tolls the period until the minor
reaches 18 years of age.  Tex. Civ. Prac. & Rem. Code Ann. '' 16.001, 16.003. 
As such, Eric had two years after attaining the age of 18 to bring suit
for the personal injuries sustained during his minority.  See Weiner v. Wasson, 900 S.W.2d 316,
321 (Tex. 1995).  The statute of limitations  commenced to run on Eric=s eighteenth birthday, September 20, 2001.  See id.  Thus, in the present case, although the
accident occurred on February 28, 2000, and the statute of limitations would
have otherwise run on February 28, 2002, the two-year statute of limitations
for Eric=s claims actually ran on September 20, 2003.       








On appeal, Eric contends that a fact issue exists as
to whether he exercised diligence in serving Bryan only 35 days after the
statute of limitations ran on his claim. 
However, in determining due diligence, we do not focus solely on how far
outside the limitations period service occurred.  We must consider whether due diligence was
exercised from the date suit was filed until the date the defendant was
served.  See McCord v. Dodds, 69
S.W.3d 230, 234 (Tex. App.BCorpus Christi 2001, pet. denied) (finding lack of
diligence as a matter of law where defendant truck driver was served eight days
after the statute of limitations had run and had not been served for over six
months after suit was filed and more than four months after his father's
discovery responses had been filed); Taylor, 4 S.W.3d at 65.  Thus, the issue before us is whether appellants
used due diligence in procuring the issuance and service of citation upon Bryan
from the date they filed suit until the date Bryan was served.  

The record reveals that Bryan filed his motion for
summary judgment raising the affirmative defense of limitations based on lack
of diligence in obtaining service.  Bryan
attached proof showing that the accident occurred on February 28, 2000, that
Joan and Eric filed suit on February 25, 2002, and that he was served by
publication sometime between October 25, 2003 and November 15, 2003, some 20
months after appellants filed the lawsuit (and 20 months after the statute of
limitations had expired as to Joan=s claims).[4]









Appellants filed a response, attaching the affidavit
of Deputy Michael J. Hines, of the Wharton County Sheriff=s Office, in an attempt to show that they had
exercised due diligence in obtaining service on Bryan.  Hines= affidavit states he received the original citation
for Bryan on February 26, 2002, and that he served Tammy and Shannon at 608
Farenthold in El Campo, Texas on February 27, 2002, but was unable to serve
Bryan at that time.  Hines states that
Tammy informed him that Bryan was not home at the time, but would return
later.  In his affidavit, Hines alleges
he made several unsuccessful attempts to serve Bryan at the El Campo address
and that during one of the failed attempts he spoke with someone who informed
him that Bryan was still living there. 
Over a year later, on July 7, 2003, Hines received reissuance of
citation.  Hines returned to the El Campo
address on two separate occasions, July 8 and July 16 respectively, but was
still unable to effect service on Bryan. 
Hines searched the Texas Department of Public Safety database to
determine Bryan=s whereabouts and found only the El Campo
address.  The affidavit states that the
sheriff=s office continued its efforts to serve Bryan from
February 27, 2002 until October 2003, when service by publication was
requested.  Specifically, the affidavit
provides that the sheriff=s office attempted to serve Bryan on February 27,
2002, July 8, 2003, and July 16, 2003. 
Hines= affidavit also indicates that, when these attempts
were unsuccessful, he again searched the Texas Department of Public Safety
records and found the El Campo address listed as Bryan=s residence from February 27, 2002 through October
2003.  In July 2003, Hines found an
address for a James May at Rt. 3, Box 233, also in El Campo.  Hines went to that address and was informed
by Shannon, Bryan=s father, 
that he would have Bryan contact Hines when he returned from college in
Irving.  Some time after this visit,
Bryan returned to El Campo and presented himself at the sheriff=s office to accept service.  However, the sheriff=s office refused to serve Bryan because it was Sunday
and service of civil citations are not allowed on Sundays.  See Tex.
R. Civ. P. 6.








The record reflects that the first citation was
returned unserved on June 13, 2002, and that appellants did not request
reissuance of citation until July 7, 2003. 
This leaves an unexplained lapse of 17 months after the first citation
was issued and 13 months after the citation was returned unserved before
appellants requested reissuance of citation. 
The record also reflects that the second citation was returned unserved
on October 14, 2003, and that a request to publish citation was filed with the
court on October 17, 2003.  The return of
service for the service by publication was filed with the court on December 8,
2003, along with newspaper clippings from the El Campo Leader newspaper
reflecting that service by publication had run on October 25, November 1,
November 8, and November 15, 2003.   








Even after construing appellants= response to Bryan=s
motion for summary judgment in the light most favorable to appellants and
indulging all reasonable inferences in their favor, we are still faced with an
unexplained delay of approximately 17 months between February 26, 2002, when
appellants requested the first citation on Bryan, and July 7, 2003 when
appellants requested reissuance of citation on Bryan.  Appellants did not offer any explanation for
the lapse of time or delay in requesting reissuance of citation.  In addition, although Deputy Hines= affidavit alleges that the sheriff=s office continued to try to serve Bryan from the
time suit was filed until he was served by publication, we find this contention
is not supported by the record.  Although
Hines= affidavit states that the sheriff=s office attempted service on Bryan on several
occasions, Hines= affidavit does not state when or where service was
attempted.  Instead, Hines= affidavit reflects only three dates when service
was attempted.  In addition, we find
Hines= contention that service was continuously attempted
from February 2002 through October 2003 unpersuasive because the first citation
had been returned unserved to the court on June 13, 2002, and a second citation
was not requested until July 7, 2003.  We
can only conclude that service was not attempted between June 13, 2002 and July
7, 2003 because citation was not issued during this period.    

We conclude that appellants failed to raise a fact
issue on due diligence because they (1) offered no valid excuse for the delay
in service; (2) offered no excuse whatsoever for the seventeen-month lapse
between the first and second request for citation, see Rodriguez v. Tinsman
& Houser, Inc., 13 S.W.3d 47, 49 (Tex. App.BSan Antonio 1999, pet. denied) (finding lack of
diligence as matter of law where plaintiffs offered no excuse for lack of
service or lapse of time); and (3) failed to continuously exercise due
diligence in an attempt to serve Bryan.  See
Carter v. MacFadyen, 93 S.W.3d 307, 314 (Tex. App.BHouston [14th Dist.] 2002, pet. denied) (stating
there is no diligence as a matter of law when a plaintiff makes efforts at
service, but they were careless and not persistent);  Hansler, 807 S.W.2d at 4 (stating due
diligence must be exercised continuously). 
In addition, we note that in their attempt to demonstrate due diligence,
appellants place complete reliance on the acts and efforts of the sheriff=s office, particularly, Deputy Hines; however, mere
reliance on a process server is not due diligence.  See Gonzalez v. Phoenix Frozen Foods, Inc.,
884 S.W.2d 587, 590 (Tex. App.BCorpus Christi 1994, no writ) (holding that reliance
on a process server and a delay of five months do not, as a matter of law,
constitute due diligence in the issuance and service of citation).  Appellants have not stated how, other than
requesting citation, they exercised due diligence in serving Bryan.  Accordingly, we overrule appellants= first issue.  


 








IV.  Notice of Suit 

In their second issue, appellants assert their suit
should not be barred by limitations because Bryan had notice of the suit prior
to the running of limitations.  In
support of this contention, appellants argue that the principles of Aequitable tolling@
should apply in this case, analogizing the delay in service in this case to
delays caused by misnomer and misidentification.   

Misnomer occurs where the plaintiff misnames either
himself or the correct defendant, but the correct parties are involved.  Enserch Corp. v. Parker, 794 S.W.2d 2,
4‑5 (Tex. 1990); Maher v. Herrman, 69 S.W.3d 332, 338 (Tex. App.BFort Worth 2002, pet. denied).  The parties in the present case were named
correctly.  Thus, misnomer does not
apply.  

Misidentification occurs when two separate legal
entities with similar names actually exist and the plaintiff sues the wrong one
because he is mistaken about which entity is the correct defendant.  Chilkewitz v. Hyson, 22 S.W.3d 825,
828 (Tex. 1999); Enserch Corp., 794 S.W.2d at 4‑5.  Again, all of the parties in the present case
were correctly named.  In addition, this
Court has previously held that the misidentification exception applies to
business entities and not to individual defendants.  See McCord, 69 S.W.3d at 235.
 The facts of this case do not
support either theory.  

We construe appellants= argument
as a request that this Court extend the concept of equitable tolling to the
present case.  However, appellants have
not cited any cases in which a Texas court has extended this exception to
correctly named defendants who were not diligently served.  We decline appellants= invitation to apply equitable tolling in this case
and therefore overrule appellants= second issue.   









V.  Texas Civil Practice & Remedies Code ' 16.065

 

By their third issue, appellants assert the trial
court erred in granting Bryan=s motion for summary judgment on limitations grounds
because Bryan acknowledged the justness of their claims.  Appellants rely on section 16.065 of the
Texas Civil Practice and Remedies Code which provides: 

An acknowledgment of the justness of a claim that
appears to be barred by limitations is not admissible in evidence to defeat the
law of limitations if made after the time that the claim is due unless the
acknowledgment is in writing and signed by the party to be charged.

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 16.065 (Vernon 1997).  Appellants contend Bryan acknowledged the
justness of their claims through the following deposition testimony: 

Q [Appellants=
Counsel]:  Do you blame the Gundermans for the accident? 

 

A [Bryan]:                             It was mostly my
fault.  But like my stepdad said before,
had they kept going straight, I think it would have been avoided. 

 








Although appellants have presented a creative
argument, our review of the applicability of section 16.065 to the facts of the
present case reveals that section 16.065 has been applied primarily in
creditor-debtor relationships where a debtor acknowledges the justness or
existence of a claim on a debt that is otherwise barred by limitations.  See e.g., Stine v. Stewart, 80 S.W.3d
586, 591 (Tex. 2002); Bright & Co. v. Holbein Family Mineral Trust,
995 S.W.2d 742, 745 (Tex. App.BSan Antonio 1999, pet. denied); Andrews v. Cohen,
664 S.W.2d 826, 828‑29 (Tex. App.BTyler 1984, writ ref'd n.r.e.); Stefek v. Helvey,
601 S.W.2d 168, 171 (Tex. Civ. App.BCorpus Christi 1980, writ ref'd n.r.e.); Siegel
v. McGavock Drilling Co., 530 S.W.2d 894, 896 (Tex. Civ. App.BAmarillo 1975, writ ref'd n.r.e.); Ginsberg v.
Leal, 462 S.W.2d 110, 111 (Tex. Civ. App.BWaco
1970, writ ref'd n.r.e.); Miller v. Thomas, 226 S.W.2d 149, 152 (Tex.
Civ. App.BAmarillo 1949, writ ref'd).  The present case does not involve a
creditor-debtor relationship or the acknowledgment of a debt.  Appellants have not provided us with
authority to support their contention that section 16.065 is applicable to a
situation in which a defendant acknowledges fault or possible liability for
personal injury and we see no compelling reason to extend the application of
this section to the present case. 
Appellants= third issue is overruled.

VI.  Motion for Continuance

 

In their fourth issue, appellants contend the trial
court abused its discretion by denying their motion for continuance.  Appellants contend that they needed a
continuance to conduct discovery in order to properly respond to Tammy and
Shannon=s no-evidence motion for summary judgment on the
negligent entrustment issue. 
Specifically, appellants sought additional time to depose Tammy.       








The denial of a motion for continuance is reviewed
under an abuse of discretion standard. Gen. Motors Corp. v. Gayle, 951
S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). 
The denial will be reversed if the trial court acted without regard to
guiding principles or was arbitrary or unreasonable.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 800 (Tex. 2002).  In order
for a continuance to  be granted, cause
must be shown, supported by affidavit.  Tex. R. Civ. P. 251.  Further, if the basis for the requested
continuance is "want of testimony," the affidavit must show (1) that
the testimony is material, (2) that due diligence has been used to obtain the
testimony, (3) that there is an explanation given for the failure to obtain the
testimony, and (4) that the testimony cannot be procured from another source. Tex. R. Civ. P. 252; Tri‑Steel
Structures, Inc. v. Baptist Found., 166 S.W.3d 443, 448 (Tex. App.BFort Worth 2005, pet. filed).

Appellants filed suit on February 25, 2002.  Tammy and Shannon filed their first
no-evidence motion for summary judgment on the negligent entrustment issue on
June 11, 2003.  A second no-evidence
motion on the negligent entrustment issue was filed on April 22, 2004, and a
third no-evidence motion was filed on March 23, 2005.  The third motion was set for hearing on April
14, 2005.  On April 8, 2005, appellants
filed their motion for continuance of the hearing on the no-evidence motion,
requesting that the hearing be postponed a minimum of 60 days.  Appellants attached the affidavit of their
attorney, Frederick L. Fuhr, which states A[a]dditional time will be needed to review the file,
to conduct discovery for the purposes of addressing Defendant=s Motion for Summary Judgment on the negligent
entrustment claim in this matter . . . .@  The
affidavit also provides that APlaintiffs need to depose Defendant, TAMMY MAY and
[have] requested available dates from Defendants=
counsel.@  Counsel=s affidavit refers to copies of correspondence from
opposing counsel dated July 2, 2004 and December 2, 2004, indicating that Tammy
was unable to respond to discovery or attend depositions because she suffered a
stroke.  The motion for continuance
indicates that Tammy=s deposition is necessary to establish whether Bryan
had a habit of being a reckless driver or was otherwise incompetent while driving.  On April 14, 2005, the trial court denied
appellants= motion for continuance and granted Tammy and
Shannon=s no-evidence motion for summary judgment.                                           








Appellants= motion for continuance, when viewed in its
entirety, does not meet the requirements of rule 252 enumerated above.  A hearing on the no-evidence motion was not
held until April 14, 2005.  Appellants
had a period of 20 months to conduct discovery in response to the negligent
entrustment issue; Fuhr=s affidavit, however, does not explain why
appellants failed to obtain Tammy=s testimony after the first no-evidence motion was
filed in June 2003, prior to Tammy=s stroke in 2004, or prior to the April 2005
hearing.  Nor does it aver that
appellants exercised due diligence in attempting to obtain the testimony.  See Tex.
R. Civ. P. 251, 252; Carter v. MacFadyen, 93 S.W.3d 307, 310
(Tex. App.BHouston [14th Dist.] 2002, pet. denied); Dallas
Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 235-36  (Tex. App.BDallas
2000, pet. denied).[5]  Moreover, while appellants= motion for continuance states that Tammy=s testimony is necessary to determine whether Bryan
was a reckless or incompetent driver, appellants offered no explanation
concerning how such additional evidence would have assisted them in raising a
material fact question concerning their claims for negligent entrustment.  

Thus, we find the trial court did not abuse its
discretion in denying the motion for continuance, and we overrule appellants= fourth issue. 

We affirm the judgment of the trial court. 

 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 2nd day of February, 2006.   











[1] Other than the denial of their
motion for continuance, as it applies to the no-evidence motion for summary
judgment, appellants do not challenge the trial court=s granting of the no-evidence
motion as it relates to the negligent entrustment issue.





[2] Bryan was served by publication in
the El Campo Leader newspaper.  The
publication ran on October 25, 2003 and November 1, 8, and 15, 2003.  





[3] Eric was 16 at the time of the
accident.  Thus, he had two years after
attaining the age of eighteen to bring suit for the personal injuries sustained
during his minority.   See Weiner v.
Wasson, 900 S.W.2d 316, 321 (Tex. 1995).  






[4] On appeal, Bryan takes issue with
whether Joan and Eric complied with the requirements of Texas Rule of Civil
Procedure 109 in obtaining service by publication.  See Tex.
R. Civ. P. 109.  For proper
service by publication, a party must comply with rule 109.  Wood v. Brown, 819 S.W.2d 799, 800
(Tex. 1991).  Before service by
publication is proper, a party, or their attorney, must file an affidavit with
the clerk stating that after exercising due diligence, the whereabouts of the
defendant remain unknown.  See id.  Rule 109 requires that the trial court,
before permitting service by publication, inquire into the sufficiency of the
diligence exercised in attempting to ascertain the residence or whereabouts of
the defendant.  Id.; see also
In re A.Y., 16 S.W.3d 387, 389 (Tex. App.BEl Paso 2000, no pet.) (stating
rule 109 requires trial court to determine diligence used by plaintiff in
locating defendant).  The record before
us does not contain any evidence that the trial court ever permitted appellants
to serve Bryan by publication, that appellants ever requested an order from the
trial court granting service by publication, or that appellants ever provided
the trial court with the required affidavit or made any showing as to the
sufficiency of their search efforts to the trial court in an effort to seek
permission for an alternative form of service. 
However, given our conclusion that appellants did not use due diligence,
we need not address the issue of whether service by publication was proper.  See Tex.
R. App. P. 47.1.    





[5] We note that although appellants
contend that they attempted to obtain Tammy=s deposition on numerous occasions, the correspondence
attached to Fuhr=s affidavit indicates appellants
did not request a deposition until September 22, 2004.