

# NUMBER 13-08-00015-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TERRY JAMES RICHARD,** **Appellant,**

**v.**

**JESSIE NIXON TURNER,** **Appellee.**

**On appeal from the 60th District Court of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Terry James Richard, challenges the trial court's order granting summary judgment in favor of appellee, Jessie Nixon Turner. By two issues, Richard contends that his actions in securing service of citation on Turner constituted due diligence, and the trial court "committed gross error" in granting the summary judgment. We affirm.

## I. BACKGROUND

On August 8, 2004, Richard and Turner were involved in a vehicle collision. On July

18, 2006, Richard filed a lawsuit against Turner claiming personal injury and damages allegedly caused in the collision. Turner was served with process of citation on September 8, 2007. Turner filed her answer asserting the statute of limitations as an affirmative defense, and on October 31, 2007, Turner filed a motion for summary judgment. In her motion, Turner argued that she had not been served within the applicable limitations period and that Richard did not use due diligence in executing service. Richard responded asserting that he exercised due diligence, and as summary judgment evidence, he attached his own affidavit, an affidavit from his trial counsel, and a report that he faxed to his attorney on June 13, 2007.[1] The report shows Turner's address, and includes a written note signed by Richard stating, "I did a little research[.] Her original address on the Police report @ [sic] the time of the accident was *** Elma. Now its [sic] listing *** Elma. Hope this is the info you need!"

The trial court granted Turner's motion for summary judgment. This appeal ensued.

## II. DUE DILIGENCE

When a party files its petition within the limitations period, service outside of the limitations period may still be valid if the plaintiff exercises due diligence in executing service on the defendant.[2] If the defendant affirmatively pleads the defense of limitations, and shows that service was not timely, the burden shifts to the plaintiff to prove due

---

[1] We note that in his affidavit, Richard claimed that he faxed the report to his attorney in October, 2007. However, in his affidavit, trial counsel states that he received Turner's address from Richard in June of 2007, and Turner was served in September of 2007. Turner points out that the fax wherein Richard informed his trial counsel of Turner's address establishes that trial counsel received the fax on June 7, 2007. Therefore, the evidence establishes that Richard learned Turner's address on or before June 7, 2007.

[2] *Grant v. De Leon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam) (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)).

2

diligence.[3]  "The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served."[4]  A plaintiff's explanation for a delay in serving citation is usually a question of fact; however, "the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable."[5]  Furthermore, a plaintiff's duty of due diligence begins on the date he files suit and continues until service is executed.[6]

It is undisputed that although Richard filed suit within the limitations period, he served Turner with citation of process thirteen months after the limitations period expired. Therefore, once Turner raised the affirmative defense of the statute of limitations, the burden shifted to Richard to prove due diligence.[7]

Richard argues that in the two affidavits attached to his response to summary judgment, he established that a question of fact existed regarding whether he exercised due diligence in executing service after the statute of limitations expired.  Trial counsel's affidavit states that on July 21, 2006, citation of service was issued, but that on August 4, 2006, it was returned to the office of the district clerk, with a notation that the "house was

---

[3] *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam) (citing *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990)).

[4] *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.–Houston [1st Dist.] 1999, pet. denied).

[5] *Proulx*, 235 S.W.3d at 216; *see McCord v. Dodds*, 69 S.W.3d 230, 233 (Tex. App.–Corpus Christi 2001, pet. denied) ("[I]f no excuse is offered for a delay or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, lack of diligence will be found as a matter of law.").

[6] *Taylor*, 4 S.W.3d at 65 (citing *Jimenez v. County of Val Verde*, 993 S.W.2d 167, 169 (Tex. App.–San Antonio 1999, pet. denied)).

[7] *See Proulx*, 235 S.W.3d at 216.

vacant." Trial counsel states that "thereafter [Richard] contacted the United States Postal [S]ervice in Beaumont, Texas to determine [Turner's] new address," but was unsuccessful. Trial counsel does not provide a specific date when Richard contacted the postal service. Trial counsel states that he "did a search on [his] computer over a period of several months to ascertain [Turner's] address," but was unsuccessful. However, trial counsel does not specify when he conducted the research, or how long his search took. In his affidavit, Richard claimed generally that in 2006 and in 2007, he contacted the United States Postal Service several times to aid in his efforts to locate Turner. Richard neither states how many times he actually contacted the postal service nor mentions the specific dates. Finally, trial counsel states in his affidavit that in June, 2007, Richard forwarded Turner's address to him, and trial counsel requested issuance of a second citation on September 7, 2007. Turner was served on September 8, 2007.

The summary judgment evidence established a delay of thirteen months in obtaining service on Turner after the limitations period expired. In order to overcome the summary judgment, Richard had to raise a fact issue as to diligence. However, in his summary judgment evidence, Richard does not provide a valid or reasonable explanation for the thirteen-month gap.[8] Instead, Richard relies on general statements that he contacted the post office on several occasions and that his attorney conducted research on his computer several times in an effort to locate Turner's address. However, neither Richard nor his trial counsel state during what period of time these attempts at locating Turner occurred.

Moreover, a "flurry of ineffective activity does not constitute due diligence if easily

---

[8] *See Ashley v. Hawkins*, 52 Tex. Sup. Ct. J. 954, 2009 Tex. LEXIS 461, at *12-13 (Tex. June 26, 2009) (motion for rehearing filed) (stating that if the plaintiff's attorney spent 20 hours spread over an eight month period searching for the defendant's whereabouts, the search was never diligent).

4

available and more effective alternatives are ignored."[9]  Here, Richard unsuccessfully attempted service on Turner once in August, 2006.  However, after "several" failed attempts at locating Turner's address, Richard neither made any attempts to effectuate service by hiring a private process server nor did he consider the alternative of substituted service through citation by publication.[10]  Furthermore, Richard's attorney states in his affidavit that he received Turner's address in June, 2007, but he did not request service on Turner until September 7, 2007.[11]  Trial counsel offers no explanation for the lapse from when he received Turner's address until he requested service of citation.  Richard's summary judgment evidence does not establish that Richard had a valid or reasonable explanation for all lapses of time between August 4, 2006 and September 7, 2007.[12]  Therefore, we conclude that the record establishes as a matter of law lack of due diligence in obtaining service of citation.[13]  We overrule Richard's first issue.[14]

---

[9] *Carter v. MacFadyen*, 93 S.W.3d 307, 314-15 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *see Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App–Houston [14th Dist.] 1999, no pet.) (concluding that plaintiff did not exercise due diligence because his efforts to obtain service of citation were not careful, persistent, devoted or painstaking); *see also Ashley*, 2009 Tex. LEXIS 461, at *14 (commenting that the plaintiff only attempted service by mail and by delivery and that if the plaintiff was unable to locate the defendant, it should not have overlooked another method of service).

[10] *See Ashley*, 2009 Tex. LEXIS 461, at *14.

[11] *See Witt v. Heaton*, 10 S.W.3d 435, 438 (Tex. App.–Beaumont 2000, no pet.) ("An unexplained delay in service of process constitutes a lack of due diligence as a matter of law."); *Taylor*, 4 S.W.3d at 65-66 (concluding that an unexplained four-month delay from filing suit to effectuating service negated diligence).

[12] *See Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50 (Tex. App.–San Antonio 1999, pet. denied) (providing that not all offered explanations of delay raise a fact issue about diligence and that the general rule is that a fact issue exists if the offered explanation is reasonable or valid); *Taylor* , 4 S.W.3d at 65 ("The duty to use due diligence continues from the date the suit is filed until the date the defendant is served.").

[13] *See Proulx*, 235 S.W.3d at 216; *see also McCord*, 69 S.W.3d at 233.

[14] We will not address Richard's second issue as it is not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

### III.  Conclusion

Accordingly, we affirm the trial court's summary judgment in favor of Turner.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 31st day of August, 2009.