Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00146-CV 

                                                    __________

 

                                   SHAWN
W. GRIFFIN, Appellant

 

                                                             V.

 

                                 JAMES
ARTHUR HALE, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CV27793

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Shawn
W. Griffin filed suit against James Arthur Hale for damages he sustained in an
automobile accident.  The trial court granted Hale’s motion for summary
judgment and Griffin appeals.  We affirm.

            Griffin
filed suit against Hale on May 31, 2005, one month before limitations expired. 
Although the clerk issued a citation at the time of the filing, Hale was not
served.  Hale filed a general denial approximately two and one-half years later
on December 22, 2008.  Hale also responded to Griffin’s request for production. 
Hale filed a motion for summary judgment on February 23, 2009, raising the statute
of limitations as an affirmative defense.

            In
his sole issue on appeal, Griffin contends that the trial court erred in
granting the motion for summary judgment.  He argues that the statute of
limitations does not apply because he filed suit within the limitations period
and because Griffin waived any deficiency in service by filing a general
appearance.  

            When
a defendant moves for summary judgment, he must conclusively prove all the
essential elements of his defense as a matter of law, leaving no issues of
material fact.  Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.—Houston
[1st Dist.] 1999, pet. denied).  A properly pleaded affirmative defense, such
as limitations, may serve as the basis for a summary judgment.  Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991).

When
a plaintiff files his petition within the limitations period but does not serve
the defendant until after the period expires, the plaintiff must exercise
diligence in serving citation to interrupt the running of limitations.  Gant
v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990).  The plaintiff bears the burden
to prove diligence when a defendant affirmatively pleads limitations and shows
that service was not timely.  Ashley v. Hawkins, 293 S.W.3d 175, 179
(Tex. 2009).  Diligence is determined by whether the plaintiff acted as an
ordinarily prudent person would under the same or similar circumstance and
whether the plaintiff acted diligently up until the time the defendant was
served.  Proulx v. Wells, 235 S.W.3d 213, 216 (Tex. 2007).  An
unexplained delay in effecting service constitutes a lack of diligence as a
matter of law.  See Taylor, 4 S.W.3d at 65.

            Although
the clerk issued a citation at the time of the filing, almost three years
passed and Hale was never served.  An ordinarily prudent person would check
whether the original citation was actually served.  Griffin offers no
explanation for the delay and instead contends that Hale waived any defect in
service by filing a general appearance without challenging service.  However, a
party does not waive its statute of limitations defense when it files a general
appearance after the running of the statute of limitations and the plaintiff
has not used due diligence in serving the party.  James v. Gruma Corp.,
129 S.W.3d 755, 760 (Tex. App.—Fort Worth 2004, pet. denied); Taylor, 4
S.W.3d at 65.




 

            We
overrule Griffin’s sole issue and affirm the judgment of the trial court.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

July 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.