**Opinion filed July 29, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00146-CV

_____

### SHAWN W. GRIFFIN, Appellant

### V.

### JAMES ARTHUR HALE, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV27793**

### M E M O R A N D U M   O P I N I O N

Shawn W. Griffin filed suit against James Arthur Hale for damages he sustained in an automobile accident. The trial court granted Hale's motion for summary judgment and Griffin appeals. We affirm.

Griffin filed suit against Hale on May 31, 2005, one month before limitations expired. Although the clerk issued a citation at the time of the filing, Hale was not served. Hale filed a general denial approximately two and one-half years later on December 22, 2008. Hale also responded to Griffin's request for production. Hale filed a motion for summary judgment on February 23, 2009, raising the statute of limitations as an affirmative defense.

In his sole issue on appeal, Griffin contends that the trial court erred in granting the motion for summary judgment. He argues that the statute of limitations does not apply because he filed suit within the limitations period and because Griffin waived any deficiency in service by filing a general appearance.

When a defendant moves for summary judgment, he must conclusively prove all the essential elements of his defense as a matter of law, leaving no issues of material fact. *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). A properly pleaded affirmative defense, such as limitations, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991).

When a plaintiff files his petition within the limitations period but does not serve the defendant until after the period expires, the plaintiff must exercise diligence in serving citation to interrupt the running of limitations. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). The plaintiff bears the burden to prove diligence when a defendant affirmatively pleads limitations and shows that service was not timely. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Diligence is determined by whether the plaintiff acted as an ordinarily prudent person would under the same or similar circumstance and whether the plaintiff acted diligently up until the time the defendant was served. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). An unexplained delay in effecting service constitutes a lack of diligence as a matter of law. *See Taylor*, 4 S.W.3d at 65.

Although the clerk issued a citation at the time of the filing, almost three years passed and Hale was never served. An ordinarily prudent person would check whether the original citation was actually served. Griffin offers no explanation for the delay and instead contends that Hale waived any defect in service by filing a general appearance without challenging service. However, a party does not waive its statute of limitations defense when it files a general appearance after the running of the statute of limitations and the plaintiff has not used due diligence in serving the party. *James v. Gruma Corp.*, 129 S.W.3d 755, 760 (Tex. App.—Fort Worth 2004, pet. denied); *Taylor*, 4 S.W.3d at 65.

We overrule Griffin's sole issue and affirm the judgment of the trial court.


RICK STRANGE

JUSTICE


July 29, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.