Opinion issued December 10, 2024



In The

# Court of Appeals

For The

## First District of Texas

—————————————

### NO. 01-23-00231-CV

—————————————

## REINOL GONZALEZ AND MICHAEL WALLUM, Appellants

## V.

## GABRIEL PINILLOS-RAMIREZ, Appellee

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 121132-CV

## MEMORANDUM OPINION

This appeal arises from a personal-injury lawsuit in which the trial court rendered summary judgment in favor of Gabriel Pinillos-Ramirez on the basis of Reinol Gonzalez and Michael Wallum's failure to effect service of process within the statute of limitations. Gonzalez and Wallum now appeal from this judgment.

We affirm.

## BACKGROUND

In October 2018, Pinillos crashed a shuttle bus he was driving. Gonzalez and Wallum were passengers. They allege they sustained serious injuries in the crash.

Two months later, in December 2018, Gonzalez sued Pinillos and others in Brazoria County. However, Gonzalez nonsuited all his claims in March 2019.

In the meantime, other passengers had filed suit against the owners of the shuttle bus in Harris County. Gonzales and Wallum tried to intervene in that suit in March 2019, naming Pinillos as a defendant in their petition in intervention. But the Harris County district court struck their petition in intervention in May 2019.

That same month, in May 2019, Gonzalez and Wallum filed suit against Pinillos and others in Harris County. About a year later, they nonsuited their claims.

In April 2020, Gonzalez and Wallum filed the present suit against Pinillos and others in Brazoria County. It is undisputed that they never served Pinillos, though they maintain that they tried to serve him several times over the next two months.

In October 2022, after the two-year personal-injury statute of limitations had expired, Pinillos filed an answer. The following month, he moved for summary judgment, arguing that he was entitled to dismissal because Gonzalez and Wallum had not served him before the statute of limitations expired in October 2020.

The trial court granted summary judgment for Pinillos and severed the claims against him from those made against others, making the summary judgment final.

## DISCUSSION

The issue before us is a narrow one, and the material facts are undisputed. On appeal, Gonzalez and Wallum argue that the trial court erred in granting summary judgment for Pinillos based on their failure to serve him within limitations because Pinillos waived any complaint about untimely service by making a general appearance in the suit, including by acknowledging the suit in a deposition.

### Standard of Review

We review summary judgments de novo. *Weekly Homes v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024) (per curiam). The moving party is entitled to traditional summary judgment only if there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, 717–18 (Tex. 2024). We take as true all evidence favorable to the nonmovants. *Paniagua*, 691 S.W.3d at 915. In addition, we indulge every reasonable inference and resolve any doubts in the nonmovants' favor. *Id.*

### Limitations, Service, and Summary Judgment

The mere filing of suit does not interrupt the running of an applicable statute of limitations unless the plaintiff exercises due diligence in procuring the issuance and service of citation. *Draughon v. Johnson*, 631 S.W.3d 81, 93–94 (Tex. 2021).

3

When a summary-judgment movant has shown the plaintiff failed to serve him within limitations, the movant has carried his burden to show he is entitled to summary judgment. *Id.* at 94. The burden then shifts to the nonmovants to explain the delay. *Id.* If the nonmovants' explanation raises a material fact issue concerning the diligence of their service efforts, this suffices to defeat summary judgment. *Id.* However, the nonmovants must explain every lapse in effort or period of delay to avoid summary judgment. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

Alternatively, the nonmovants may defeat summary judgment by showing the movant waived any complaints about the issuance and service of citation by making a general appearance in the suit before limitations expired. *Baker v. Monsanto Co.*, 111 S.W.3d 158, 160–61 (Tex. 2003) (per curiam). If the evidence shows the movant made a general appearance after the statute of limitations had already expired, however, his appearance does not waive complaints he has about service. *Taylor v. Thompson*, 4 S.W.3d 63, 66 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

### Analysis

Gonzalez and Wallum do not contend there is a genuine issue of material fact regarding the diligence of their service efforts. Nor could they do so. The record does not divulge any effort to serve Pinillos between June 2020 and October 2020, when the two-year personal-injury statute of limitations expired. Nor have Gonzalez and Wallum offered any explanation for their failure to serve Pinillos during this time.

4

Without explanation and evidence regarding this period, they cannot show diligence. *See Ashley*, 293 S.W.3d at 179 (stating parties opposing summary judgment must explain all lapses in effort and periods of delay in effecting service on movant); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that unexplained five-and-a-half-month lapse in effort to serve citation on defendant established as matter of law that plaintiff had not exercised diligence).

Instead, Gonzalez and Wallum contend that Pinillos waived any complaint about issuance and service of citation by taking three actions in the trial court:

(1) joining an agreed stipulation to lift a bankruptcy stay of proceedings applicable to another defendant that is not a party to this appeal;

(2) successfully moving to consolidate this lawsuit with another pending Brazoria County lawsuit arising out of the same shuttle-bus accident; and

(3) sitting for a pretrial deposition that was taken as part of the present lawsuit, during which he acknowledged he was being sued for the accident.

Assuming each of these three actions, standing alone or taken together, constitutes a general appearance sufficient to waive any complaint about service, Pinillos took these actions long after the two-year personal-injury statute of limitations expired in October 2020. Pinillos joined the stipulation to lift the stay in April 2021, and he moved to consolidate the two suits and sat for his deposition in December 2021. Because limitations had already expired when Pinillos took these actions, they do not waive any complaints about service or defeat his right to summary judgment based on limitations in this instance. *Taylor*, 4 S.W.3d at 66.

5

Every court of appeals that has addressed the question before us—whether a general appearance made after the expiration of limitations waives complaints about service—has answered that such an appearance does not do so. *Id.*; *Austin v. Am. Matar Int'l*, No. 14-23-00323-CV, 2024 WL 1633627, at *6 (Tex. App.—Houston [14th Dist.] Apr. 16, 2024, pet. denied) (mem. op.); *Dragustinovis v. Centroplex Auto. Recovery*, No. 13-16-00150-CV, 2019 WL 613847, at *4 (Tex. App.—Corpus Christi Feb. 14, 2019, no pet.) (mem. op.); *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 747 (Tex. App.—Texarkana 2008, no pet.); *James v. Gruma Corp.*, 129 S.W.3d 755, 760–61 (Tex. App.—Fort Worth 2004, pet. denied); *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 917 (Tex. App.—Amarillo 2004, no pet.); *Seagraves v. City of McKinney*, 45 S.W.3d 779, 783 (Tex. App.—Dallas 2001, no pet.).

Gonzalez and Wallum try to circumvent this long line of authority in two ways. First, they argue that our supreme court has abrogated these decisions. Second, they assert that even if this line of authority remains intact, this case is distinguishable because Pinillos was aware of their claims from the prior lawsuits.

In support of their abrogation argument, Gonzalez and Wallum rely on *In re Guardianship of Fairley*, in which the supreme court addressed whether technical defects in service rendered a probate court's orders void. 650 S.W.3d 372, 390 (Tex. 2022). In particular, Gonzalez and Wallum rely on a passage from the court's opinion in which it explains that a party makes a general appearance by invoking the

6

court's judgment on a non-jurisdictional question, acting in a way that recognizes a suit is properly pending, or seeking affirmative action from the court. *Id.* at 386. They assert that this passage announces a broad new rule about general appearances: namely, that this kind of conduct waives service complaints whenever it occurs.

We disagree. The supreme court was not announcing a new rule about general appearances. The court relied on a 2004 decision in support, and it then followed up with the observation that Texas courts have routinely held that filing an answer or seeking affirmative relief from a court constitutes a general appearance. *Id.*

More to the point, *In re Guardianship of Fairley* did not concern the question before us, which is whether the actions Pinillos took after the expiration of limitations waived his complaint about Gonzalez and Wallum's failure to serve him with process before the expiration of limitations. Limitations goes unmentioned in *In re Guardianship of Fairley*. There, the question was whether technical defects in the way process was served deprived the probate court of personal jurisdiction over a ward and voided the court's orders. *Id.* at 385. The supreme court held the technical defects did not negate personal jurisdiction or make the probate court's orders void because it was undisputed that the ward was personally served, the ward made a general appearance in the proceedings, and the service defects did not deprive the ward of due process. *Id.* at 390. The failure to effect service within limitations was not at issue in the case, and the supreme court did not comment on that subject.

Nor do we agree with Gonzalez and Wallum's position that this case is distinguishable because Pinillos was aware of their claims from the prior lawsuits. Whenever a defendant possesses such awareness, they argue, the underlying purposes of service of process are vindicated, making actual service unnecessary. However, this position amounts to the contention that a defendant's awareness of a controversy or litigation may serve as a valid substitute for the plaintiff's timely issuance and service of citation or diligent efforts to effect service. Gonzalez and Wallum do not cite any authority in support of this contention, and this contention is inconsistent with longstanding Texas law. Under Texas law, a party who is aware of a suit pending against him has no duty to appear or participate in the suit absent proper service. *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 304 (Tex. 2024). Therefore, nonmovants cannot defeat a summary-judgment motion premised on failure to effect service within limitations by introducing evidence that the movant knew the suit was pending or was aware of the claims giving rise to it. *See id.* (reiterating that actual notice is not a valid substitute for service of process).

In conclusion, we hold that our decision in *Taylor* is dispositive. In the quarter-century since our court handed down that decision, multiple courts of appeals have embraced its holding and none have rejected it. To date, the supreme court has not called this long line of authority into question, let alone abrogated it. Accordingly, we conclude the trial court did not err in granting summary judgment.

**CONCLUSION**

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Guerra, and Gunn.