**Roger K. PARSONS, Individually and as Administrator of the Estate of Esther Ann Parsons, Appellant,**

v.

**Windle TURLEY and Windle Turley, P.C., Appellees.**

No. 05–99–01365–CV.

Court of Appeals of Texas, Dallas.

June 23, 2003.

Rehearing Overruled July 15, 2003.

Robert M. Greenberg, Arlington, and Robert E. Motsenbocker, Dallas, for Appellant.

Jeffrey S. Levinger, Carrington Coleman, Sloman & Blumenthal, Dallas, and Lara Hudgin Hollingsworth, Hudgins, Hudgins & Warrick, P.C., Houston, for Appellee.

Before Chief Justice THOMAS [1] and Justices BRIDGES and FRANCIS. [2]

## OPINION ON REMAND

Opinion by Justice BRIDGES.

Roger K. Parsons, individually and as administrator of the estate of Esther Ann Parsons, appeals the trial court's summary judgment entered in favor of Windle Turley and Windle Turley, P.C. The Supreme Court of Texas reversed this Court's original opinion and remanded this case for further proceedings. On remand, Parsons argues summary judgment in favor of Turley was improper on the grounds that (1) the statute of limitations barred Parsons' claims, (2) Turley was not estopped from asserting the statute of limitations barred Parsons' claims, and (3) Turley did not waive his right to diligent service of process. We affirm the trial court's judgment.

In September 1991, Parsons' wife died in a plane crash. The plane was owned and operated by E.I. DuPont de Nemours and Company, which also employed the pilots at the time of the crash. Parsons' wife was an employee of Conoco, Inc., which was responsible for overseeing the health and physical competency of DuPont's pilots. Parsons hired Turley to represent him individually and as representative of his wife's estate.

Parsons instructed Turley to file suit against DuPont and Conoco in state court. However, Turley filed suit only against DuPont in state court. DuPont removed the case against it to federal court. In a separate action, Turley filed suit against Conoco in state court and was unsuccessful in joining Parsons' claims against Conoco in the federal suit. The trial court subsequently granted Conoco's motion for summary judgment in state court on June 13, 1994. On April 25, 1995, the state court entered a final judgment dismissing Parsons' claims against the pilots' estates and all remaining claims. Turley filed a motion for new trial on May 26, 1995. Parsons hired separate appellate counsel who advised him that the court of appeals lacked jurisdiction to consider the appeal because the motion for new trial was filed thirty-one days after the final judgment was signed, and no timely notice of appeal or cost bond was filed. The fourteenth district court of appeals dismissed the appeal for lack of jurisdiction on October 12, 1995, and no further appeals were taken.

In federal court, the suit against DuPont was tried to a jury which entered a verdict in favor of Parsons on his negligence and gross negligence claims and awarded $4,750,000 in actual damages to Parsons and $1 million to his wife's parents. Nevertheless, the federal court sustained DuPont's motion for judgment as a matter of law on the jury's gross negligence findings, holding that the evidence was legally insufficient to support such a finding. On July 27, 1994, the federal court entered judgment awarding Parsons the actual damages found by the jury along with prejudg-

---

1. Justice Ed Kinkeade participated in the original submission of this case. Since submission, Justice Kinkeade has retired from this Court. Chief Justice Linda Thomas has reviewed the record and the briefs in this case.

2. Justice John Roach participated in the original submission of this case. Since submission, Justice Roach has retired from this Court. Justice Molly Francis has reviewed the record and the briefs in this case.

ment interest, postjudgment interest, and court costs. Turley filed a notice of appeal on behalf of Parsons. However, on December 5, 1994, Parsons informed Turley by letter that Parsons had hired a different lawyer to represent him on appeal in the federal case and that Turley's firm was "relieved of all responsibility with respect to the appeal of [Parsons'] case, effective now." In appealing the federal court's judgment, Parsons argued the evidence was sufficient to support the jury's gross negligence finding. On June 12, 1996, the United States Court of Appeals for the Fifth Circuit affirmed the federal court's judgment, and mandate issued on July 18, 1996.

Subsequently, at DuPont's request, Turley sent a letter to DuPont's counsel calculating the principal, prejudgment interest, and post-judgment interest on the federal judgment against DuPont. Parsons disagreed with Turley's calculations in that they failed to compound prejudgment interest. Parsons' counsel submitted different calculations to DuPont. DuPont refused to compound prejudgment interest, and the federal court also denied Parsons' request to compound prejudgment interest. Parsons appealed, and the Fifth Circuit again affirmed the federal court.

As a result of depositions taken in March and April 1998, Parsons learned that Conoco had knowledge before the plane crash that the pilot had an alcohol problem. On June 12, 1998, Parsons sued Turley, alleging, among other things, that Turley negligently failed (1) to discover and use the evidence of the pilot's alcohol problem and (2) to bring suit originally against both DuPont and Conoco in state court. Turley moved for summary judgment on the grounds that Parsons' suit was barred by the statute of limitations, collateral estoppel, and lack of causation. On August 16, 1999, the trial court granted Turley's motion for summary judgment without specifying the grounds for its judgment.

■ In his first issue on appeal, Parsons argues the trial court erred in concluding as a matter of law that all of his causes of action were barred by the statute of limitations. Specifically, Parsons argues the accrual of his claims for legal malpractice was tolled by the discovery rule and, under the rationale of *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991), until all appeals were exhausted in the underlying litigation.

■ When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80–81 (Tex.1989); *Fernandez v. Mem'l Healthcare Sys., Inc.*, 896 S.W.2d 227, 230 (Tex.App.-Houston [1st Dist.] 1995, writ denied). The question of when a cause of action accrues is a question of law for the court. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988). When reviewing a summary judgment, we take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). When, as here, a defendant moves for summary judgment on more than one ground, and the judgment does not specify the grounds upon which the trial court relied, we must determine if any of the theories advanced by the parties is meritorious. *See Rogers*, 772 S.W.2d at 79.

■ A cause of action for legal malpractice is in the nature of a tort and, thus, is governed by the two-year limitations statute. TEX. CIV. PRAC. & REM.CODE ANN.

§ 16.003(a) (Vernon Supp.2000); *First Nat'l Bank v. Levine,* 721 S.W.2d 287 (Tex. 1986). Limitations generally begins to run when the cause of action accrues: when facts have come into existence that authorize a claimant to seek a judicial remedy. *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120 (Tex.2001). However, when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on a malpractice claim against that attorney is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded. *Id.* at 119.

The rationale behind tolling the statute of limitations when an attorney commits malpractice while representing a client in litigation is that the client can be put in the difficult position of "adopting inherently inconsistent litigation postures in the underlying case and in the malpractice case." *Hughes,* 821 S.W.2d at 156; *see Apex Towing,* 41 S.W.3d at 121. This appeal arises out of Turley's representation of Parsons in two separate suits: one against DuPont in federal court and one against Conoco in state court. However, both the state and federal cases involved the same wrongful death claim related to the death of Parsons' wife. *All* appeals on this claim were not exhausted until July 18, 1996; thus, under *Apex Towing,* the statute of limitations on Parsons' malpractice claims was tolled until that date. *See Apex Towing,* 41 S.W.3d at 119. We sustain Parsons' argument that the accrual of his claims for legal malpractice was tolled until all appeals were exhausted in the underlying litigation.

 We next address Parsons' argument that fact issues exist regarding whether Turley is equitably estopped from asserting his limitations defense or waived his right to diligent service of process and whether Parsons in fact exercised due dili-

gence in serving Turley. When a plaintiff files a petition within the limitations period but does not serve the defendant until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990); *Taylor v. Thompson,* 4 S.W.3d 63, 65 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). The plaintiff must exercise due diligence in the issuance and service of citation. *Murray,* 800 S.W.2d at 830; *Taylor,* 4 S.W.3d at 65. Because Parsons failed to serve citation on Turley within the period of limitations, he had the burden to prove that he used due diligence in procuring the subsequent issuance and service of citation on Turley. *See Taylor,* 4 S.W.3d at 65. An unexplained delay in effecting service constitutes a lack of due diligence. *Id.*

 Thus, the issue before us is whether the record shows any evidence that Parsons used diligence in procuring the issuance and service of citation. *See id.* The duty to use due diligence continues from the date the suit is filed until the date the defendant is served. *Id.; see Jimenez v. County of Val Verde,* 993 S.W.2d 167, 169 (Tex.App.-San Antonio 1999, pet. denied). Generally, the exercise of due diligence is a question of fact. *Taylor,* 4 S.W.3d at 65; *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.-Houston [1st Dist.] 1993, writ denied). However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Taylor,* 4 S.W.3d at 65; *Hodge,* 856 S.W.2d at 215. The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant

was served. *Taylor*, 4 S.W.3d at 65; *Hodge*, 856 S.W.2d at 215.

The record shows Parsons filed suit within the statute of limitations on June 12, 1998. However, Parsons did not request the issuance of citation until August 13, 1998, and he did not serve Turley until September 22, 1998. In explaining the delay, Parsons refers to his June 12, 1998 letter to Turley's attorney, Barbara Lynn. In the letter, Parsons advised Lynn that Parsons would withhold service of citation for twenty days to discuss resolution of the case. On July 1, 1998, Lynn called Parsons' attorney, Robert Greenberg, and told him she had been out of town and had not had an opportunity to respond to Parsons' June 12, 1998 letter. Lynn set up a meeting for July 21, 1998, and Parsons therefore did not request the issuance and service of citation. Lynn subsequently met with Greenberg, but Turley was not present at the meeting. Parsons made a settlement offer, and Lynn said she needed time to advise her clients and their insurance carriers and discuss Parsons' settlement offer. Greenberg "agreed" to postpone service of citation for an additional fifteen to twenty days. However, because Greenberg heard nothing from Lynn for twenty-four days following the settlement conference, he requested the issuance and service of citation on August 13, 1998. There were thirteen unsuccessful attempts to personally serve Turley over the next month, and Parsons ultimately obtained substituted service on September 21, 1998.

According to Greenberg's affidavit, he "developed the firm conviction that [Turley] desired and concurred in the idea of postponing service of citation in order to discuss the facts of the case for a possible early settlement." Nevertheless, Greenberg does not state that Turley or his counsel agreed to the postponement of service. Even if Turley or his counsel had agreed to the postponement, the agreement was never put in writing. Rule 11 of the Texas Rules of Civil Procedure provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX.R. CIV. P. 11.

■ Even if there was an agreement to postpone service, a party cannot claim the exercise of "due diligence" by relying on an agreement when such an agreement is unenforceable under the rules of civil procedure. *Allen v. City of Midlothian*, 927 S.W.2d 316, 320 (Tex.App.-Waco 1996, no writ); *see Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 12 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (when agreement between attorneys or parties delays appellant from obtaining service on appellees, agreement must meet requirements of rule 11); *see also London Mkt. Cos. v. Schattman*, 811 S.W.2d 550, 552 (Tex.1991) (oral agreement to extend time for filing discovery response not good cause for late filing of responses where agreement did not comply with rule 11). Under these circumstances, we cannot conclude Parsons raised a fact issue as to whether he exercised due diligence in serving Turley with process. *See Allen*, 927 S.W.2d at 320; *Belleza–Gonzalez*, 57 S.W.3d at 12. Further, the fact that Turley's attorney met with Greenberg and did not object to the delay of service of process did not equitably estop Turley from raising the defense of limitations or amount to a waiver of diligent service of process. *See Taylor*, 4 S.W.3d at 65; *Hodge*, 856 S.W.2d at 215. Accordingly, we conclude Parsons' arguments regarding equitable estoppel and diligent service of process lack merit, and

his claims were barred by the statute of limitations.

We affirm the trial court's judgment.