TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00241-CV







Police Civil Service Commission, (1) Appellant



v.



Rafael Gutierrez, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN500449, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





O P I N I O N



 The Police Civil Service Commission (the Commission) appeals the district court's
denial of its plea to the jurisdiction. In this interlocutory appeal, we must determine whether the
Commission established that appellee, Rafael Gutierrez, lacked diligence as a matter of law in
serving the Commission with citation. We hold that he did not and affirm the district court's denial
of the Commission's plea to the jurisdiction.

BACKGROUND

 In September 2004, Gutierrez was placed on indefinite suspension by the Austin
Police Department (the Department). Gutierrez appealed his suspension to the Commission, and on
February 1 and 2, 2005, the Commission held a public hearing. The Commission found the
Department's charges against Gutierrez to be true. Consequently, on February 2, the Commission
issued its order permanently dismissing Gutierrez from the Department.

 On February 11, Gutierrez filed his petition appealing the Commission's order with
the district court pursuant to local government code section 143.015. See Tex. Loc. Gov't Code
Ann. § 143.015(a) (West 1999). Local government code section 143.015 provides:


(a) If a fire fighter or police officer is dissatisfied with any commission decision, the
fire fighter or police officer may file a petition in district court asking that the
decision be set aside. The petition must be filed within 10 days after the date the
final commission decision:


 (1) is sent to the fire fighter or police officer by certified mail; or


 (2) is personally received by the fire fighter or police officer or by that person's
designee.



Tex. Loc. Gov't Code Ann. § 143.015(a)(1)-(2). Gutierrez filed his petition within the statutory ten-day limitations period; however, he did not serve the Commission with citation until after the tenth
day. (2) Subsequently, the Commission filed a plea to the jurisdiction with the district court. The
Commission asserted that the district court lacked subject-matter jurisdiction because Gutierrez's
failure to exercise diligence in serving the Commission with citation rendered his filing ineffective
as a matter of law. The district court denied the Commission's plea to the jurisdiction. This
interlocutory appeal followed.


STANDARD OF REVIEW


 We review the district court's determination of subject-matter jurisdiction, including
its construction of pertinent statutes, de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998). To prevail on a plea to the jurisdiction, the defendant must show an incurable
jurisdictional defect apparent from the face of the pleadings, making it impossible for any
amendment of the plaintiff's petition to confer jurisdiction on the trial court. Bybee v. Fireman's
Fund Ins. Co., 331 S.W.2d 910, 914 (Tex. 1960); City of San Angelo v. Smith, 69 S.W.3d 303, 305
(Tex. App.--Austin 2002, pet. denied). A court deciding a plea to the jurisdiction is not required
to look solely to the pleadings but may consider evidence and must do so when necessary to resolve
the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). 


DISCUSSION


 Local government code section 143.015 sets forth a filing deadline for appealing a
Commission decision to district court. See Tex. Loc. Gov't Code Ann. § 143.015. It does not
explicitly state that service of citation must be effectuated before the filing deadline expires. Id. 
Nevertheless, the Commission argues that Gutierrez did not properly file his petition before the ten-day deadline because the record establishes as a matter of law that he did not exercise due diligence
in serving the Commission with citation. Accordingly, the Commission suggests that the district
court was deprived of subject-matter jurisdiction pursuant to section 143.015. We disagree.

 In order to properly bring a lawsuit, a plaintiff must both file the suit and perfect
service of citation within the applicable limitations period. See Murray v. San Jacinto Agency, Inc.,
800 S.W.2d 826, 830 (Tex. 1990) (stating that mere filing of suit will not interrupt running of
limitations); Riston v. Doe, 161 S.W.3d 525, 530 (Tex. App.--Houston [14th Dist.] 2004, pet.
denied). However, if a plaintiff files suit before the limitations period expires, but effects service
of citation after the limitations period expires, the date of service relates back to the date of filing
if the plaintiff exercised diligence in effecting service. Gant v. Deleon, 786 S.W.2d 259, 260 (Tex.
1990). The standard of due diligence is the diligence an ordinarily prudent person would use under
the same or similar circumstances. James v. Gruma Corp., 129 S.W.3d 755, 759 (Tex. App.--Fort
Worth 2004, pet. denied). Whether a plaintiff was diligent in serving the defendant is normally a
question of fact, but if no excuse is offered for a delay or if the lapse of time coupled with the
plaintiff's acts conclusively negate diligence, lack of diligence will be found as a matter of law. Id.
at 759-60. Any unexplained delay in effecting service constitutes a lack of diligence. See Parsons
v. Turley, 109 S.W.3d 804, 808 (Tex. App.--Dallas 2003, pet. denied); Taylor v. Thompson, 4
S.W.3d 63, 65 (Tex. App.--Houston [1st Dist.] 1999, pet. denied).

 Here, Gutierrez effected service of citation after the limitations period had expired. 
Thus, we must determine if the record contains evidence establishing as a matter of law that
Gutierrez did not exercise due diligence in procuring the issuance and service of citation. See
Parsons, 109 S.W.3d at 808; Taylor, 4 S.W.3d at 65. The record indicates that on February 11, one
day before the expiration of the statutory limitations period, Gutierrez filed his petition with the
district court and faxed a copy to the Commission and the City Attorney's office. The record also
includes an affidavit from Anne Morgan, Chief of the Litigation Division for the City of Austin Law
Department, stating that on February 28 she received a call from Gutierrez's attorney, William Kolb,
asking whether service of citation was still required or if the requirement had been waived. Morgan
informed Kolb that the Commission would insist on service. Finally, the record includes a copy of
the citation issued by the Travis County District Clerk on March 18. The citation was served on
March 24.

 The record confirms that the Commission received a copy of the petition on the day
that it was filed. Moreover, once Kolb was informed that service of citation would not be waived,
the Commission was served with citation in less than a month. Accordingly, we hold that the
pleadings and evidence included in this record do not establish as a matter of law that Gutierrez
failed to exercise diligence in procuring the issuance and service of citation.

CONCLUSION

 We affirm the district court's order denying the Commission's plea to the jurisdiction.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed: December 22, 2005
1. We note that appellant is generally referred to as the Firefighters' and Police Officers' Civil
Service Commission for the City of Austin. In addition, the Commission is represented by City of
Austin Law Department.
2. Gutierrez served the Commission on March 24, 2005; he did, however, fax a copy of the
petition to the Commission and the city attorney's office on February 11--the same day he filed it
with the district court.