

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00381-CV

ROGER K. PARSONS,
INDIVIDUALLY AND AS THE
INDEPENDENT ADMINISTRATOR
FOR THE ESTATE OF ESTHER
ANN KARTSOTIS PARSONS

APPELLANT

V.

RONALD WINDLE TURLEY AND
LAW OFFICES OF WINDLE
TURLEY, P.C. A/K/A TURLEY LAW
FIRM, P.C.

APPELLEES

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]See Tex. R. App. P. 47.4.

In seventeen issues, Appellant Roger K. Parsons, Individually and as the Independent Administrator for the Estate of Esther Ann Kartsotis Parsons (Parsons), appeals the trial court's summary judgment granted for Appellees Ronald Windle Turley and the Law Offices of Windle Turley, P.C. a/k/a Turley Law Firm, P.C. (collectively Windle Turley). Because Parson's claims against Turley are barred by res judicata, we will affirm the trial court's summary judgment on that ground.

This is the second time that Parsons has sued Windle Turley. In November 1991, Parsons retained Windle Turley to represent him in wrongful death and survival actions in connection with the death of his wife. Ultimately, judgments were entered in both of those cases. In one of the cases, a jury returned a verdict for Parsons awarding him $4.75 million in damages and also awarding punitive damages. The trial court granted judgment notwithstanding the verdict on the punitive damages but signed a judgment for Parsons awarding him $4.75 million.

Parsons retained attorneys Robert Greenberg and Robert Motsenbocker and sued Windle Turley for the representation it had provided in the wrongful death and survival suits. Parsons asserted causes of action for legal malpractice, gross negligence, breach of fiduciary duty, fraud and misrepresentation, and negligent misrepresentation. The trial court granted summary judgment for Windle Turley; the Dallas Court of Appeals affirmed the

2

trial court's summary judgment on limitations grounds.

In the meantime, Parsons retained Kevin Queenan and filed the instant suit against Greenberg and Motsenbocker for the representation that they had provided in the legal malpractice action against Windle Turley. Eventually, Parsons added Windle Turley to this suit, asserting claims for unjust enrichment, constructive trust, and conspiracy to defraud against Windle Turley. Windle Turley filed no-evidence and traditional motions for summary judgment; the trial court granted summary judgment for Windle Turley on August 17, 2009 without stating the grounds; the trial court severed the summary judgment from the underlying cause. Parsons perfected this appeal from that summary judgment.

Parsons's pleading against Windle Turley alleges that a constructive trust should be imposed against Windle Turley because it has been unjustly enriched by the amount Parsons would have recovered and the amount that a jury would have awarded if Windle Turley had properly represented Parsons, had not committed fraud, and had not breached its duties to Parsons. Parsons thus seeks to recover in the present suit the same damages that he sought to recover against Windle Turley in the prior legal malpractice suit.

Windle Turley moved for summary judgment on several grounds. One ground it asserted was that Parsons's claims against it were barred by res judicata. Windle Turley's motion for summary judgment points out:

> In this case, the Plaintiff admits that the damages he seeks to recover against the Turley Defendants in this lawsuit are the same

3

damages that he sought to recover against the Turley Defendants in the previous malpractice case, *Parsons v. Turley*. The Plaintiff also admits that his efforts to collect those damages in the *Parsons v. Turley* lawsuit were unsuccessful because a judgment was entered against him in that case, and that Judgment is now final. In fact, it is the very fact that the Plaintiff previously tried to recover against the Turley Defendants and failed that forms the basis of his claims against Mr. Motsenbocker and Mr. Greenberg in this malpractice case. [Internal summary judgment evidence references omitted.]

Res judicata is an affirmative defense. Tex. R. Civ. P. 94. Res judicata prevents the relitigation of a finally adjudicated claim and related matters that should have been litigated in the prior suit. *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). Four elements must be met for a claim to be barred by res judicata: (1) the parties in the two actions must be identical; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). In short, res judicata precludes parties from relitigating claims that have been finally adjudicated by a competent tribunal. *Igal*, 250 S.W.3d at 86.

A movant for a traditional summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant seeking summary judgment on an affirmative defense has the burden to conclusively establish each element

4

of the affirmative defense as a matter of law. *Id*.; *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824–25 (Tex. 2005). When a movant asserts multiple grounds for summary judgment, and the order does not state the theory upon which the trial court based its judgment, the nonmovant must show on appeal the failure of at least one element of each theory asserted. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

The summary judgment evidence presented by Windle Turley conclusively established each of the elements of the affirmative defense of res judicata. The pleadings in *Parsons v. Turley*[2] are contained in the summary judgment record and conclusively establish that the parties in the two actions are identical: Parsons and Windle Turley. The judgment signed by the trial court and the court of appeals's opinion affirming the trial court's judgment in *Parsons v. Turley* are contained in the summary judgment record. Thus, the fact that a final judgment on the merits was rendered by a court of competent jurisdiction against Parsons

---

[2]109 S.W.3d 804 (Tex. App.—Dallas 2003, pet. denied).

and in favor of Windle Turley in the prior action is conclusively established.[3]  And finally, comparing Parsons's current pleadings against Windle Turley with his prior pleadings against Windle Turley in *Parsons v. Turley*, it is clear that by the present lawsuit Parsons seeks to recover the same damages he asserted in *Parsons v. Turley*—monies he claims he would have obtained in the wrongful death and survival litigation but for Windle Turley's allegedly negligent, fraudulent, and wrongful conduct during its representation of him in the wrongful death and survival actions.  The summary judgment evidence presented to the trial court conclusively established every element of the affirmative defense of res judicata; the trial court did not err by granting summary judgment for Windle Turley on that ground.  We overrule Parsons's seventh issue.

Because the trial court's summary judgment for Windle Turley may be upheld on the ground of res judicata, we need not address Parsons's fifteen other issues challenging the other grounds for summary judgment asserted by

---

[3]Parsons argues that the trial court's judgment was not a final judgment on the merits because the trial court granted summary judgment for Windle Turley on limitations grounds.  But a summary judgment on limitations is a judgment on the merits.  *See*, *e.g.*, *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) (recognizing that an affirmative defense, like limitations, does not seek to defend by merely denying the plaintiff's claims but rather seeks to establish an independent reason why the plaintiff cannot recover).  That is, a summary judgment on limitations is a judgment on the merits that the plaintiff cannot recover.

Windle Turley and the exclusion of Parsons's summary judgment evidence.[4] *See Provident Life*, 128 S.W.3d at 216 ("Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.").

In his seventeenth issue, Parsons argues that Judge Melody Wilkinson should have been disqualified from presiding over his lawsuit. Parsons filed a motion to disqualify Judge Fred W. Davis and his successor, Judge Melody Wilkinson. The motion alleges that Judge Wilkinson has "direct pecuniary or personal interests in the results of this case." Parsons alleged that Judge Wilkinson has an interest in the case because (1) she formerly was defense counsel of record in asbestos cases in which Baron & Budd were plaintiffs' counsel—Parsons had added Baron & Budd as defendants in the present case; and (2) R.H. Wallace, defense counsel for Motsenbocker, was, in another lawsuit, defending the law firm in which Judge Wilkinson previously was a partner on a cause of action that may have matured while Judge Wilkinson was a partner. Parsons's motion to disqualify Judge Wilkinson was heard by the presiding judge of the eighth administrative region and was denied.

---

[4]We considered Parsons's summary judgment evidence in our review, and even considering it, Windle Turley conclusively established every element of res judicata and its right to judgment as a matter of law on that affirmative defense.

When a party files a motion contending that a judge is disqualified from sitting in a case, that motion must comply with the procedural requirements prescribed by Texas Rule of Civil Procedure 18a.  *See* Tex. R. Civ. P. 18a; *Drum v. Calhoun*, 299 S.W.3d 360, 372 (Tex. App.—Dallas 2009, pet. denied), *petition for cert. filed*, ___ U.S.L.W. _____ (U.S. Nov. 12, 2010) (No. 10-7597).  One of the procedural requirements of rule 18a is that a motion for disqualification "must state with particularity the grounds why the judge before whom the case is pending should not sit."  Tex. R. Civ. P. 18a(a); *Drum*, 299 S.W.3d at 372.  The grounds for disqualification of a judge are found in the Texas constitution and Texas Rule of Civil Procedure 18b(1).  *Drum*, 299 S.W.3d at 372.  Under the Texas constitution,

> No judge shall sit in any case where in the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

Tex. Const. art. V, § 11; *Drum*, 299 S.W.3d at 372.  And under rule 18b(1), judges are disqualified if

> (a) they have served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter;  or
>
> (b) they know that, individually or as a fiduciary, they have an interest in the subject matter in controversy; or
>
> (c) either of the parties may be related to them by affinity or consanguinity within the third degree.

8

Tex. R. Civ. P. 18b(1); *Drum*, 299 S.W.3d at 372.

Here, Parsons's motion to disqualify Judge Wilkinson does not allege any of these grounds for disqualification. No party in the present litigation is connected to Judge Wilkinson by affinity or consanguinity. Judge Wilkinson never served as a lawyer in the present lawsuit and no lawyers that she practiced law with served as a lawyer in the present lawsuit while she practiced with them. Judge Wilkinson did not individually or as a fiduciary have any interest in the subject matter of Parsons's lawsuit. Thus, we hold that the presiding judge of the administrative region did not abuse his discretion by denying Parsons's motion to disqualify Judge Wilkinson. *See Drum*, 299 S.W.3d at 372. We overrule Parsons's seventeenth issue.

Having overruled Parsons's seventh and seventeenth issues and having concluded that we need not address Parsons's other issues, we affirm the trial court's summary judgment for Windle Turley. *See* Tex. R. App. P. 47.1.

          SUE WALKER
          JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  December 23, 2010

9