02-09-381-CV 















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00381-CV 

 

 


 
 
 Roger K. Parsons, Individually and
 as the Independent Administrator for the Estate of Esther Ann Kartsotis
 Parsons
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Ronald Windle Turley and Law
 Offices of Windle Turley, P.C. a/k/a Turley Law Firm, P.C.
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
17th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

In
seventeen issues, Appellant Roger K. Parsons, Individually and as the
Independent Administrator for the Estate of Esther Ann Kartsotis
Parsons (Parsons), appeals the trial court’s summary judgment granted for Appellees Ronald Windle Turley
and the Law Offices of Windle Turley, P.C. a/k/a
Turley Law Firm, P.C. (collectively Windle Turley).  Because Parson’s claims against Turley are
barred by res judicata, we will affirm the trial
court’s summary judgment on that ground.

          This is the second time that Parsons
has sued Windle Turley.  In November 1991, Parsons retained Windle Turley to represent him in wrongful death and
survival actions in connection with the death of his wife.  Ultimately, judgments were entered in both of
those cases.  In one of the cases, a jury
returned a verdict for Parsons awarding him $4.75 million in damages and also
awarding punitive damages.  The trial
court granted judgment notwithstanding the verdict on the punitive damages but
signed a judgment for Parsons awarding him $4.75 million.

Parsons
retained attorneys Robert Greenberg and Robert Motsenbocker
and sued Windle Turley for the representation it had
provided in the wrongful death and survival suits.  Parsons asserted causes of action for legal
malpractice, gross negligence, breach of fiduciary duty, fraud and
misrepresentation, and negligent misrepresentation.  The trial court granted summary judgment for Windle Turley; the Dallas Court of Appeals affirmed the
trial court’s summary judgment on limitations grounds.

In
the meantime, Parsons retained Kevin Queenan and filed
the instant suit against Greenberg and Motsenbocker
for the representation that they had provided in the legal malpractice action
against Windle Turley.  Eventually, Parsons added Windle
Turley to this suit, asserting claims for unjust enrichment, constructive trust,
and conspiracy to defraud against Windle Turley.  Windle Turley filed
no-evidence and traditional motions for summary judgment; the trial court
granted summary judgment for Windle Turley on August
17, 2009 without stating the grounds; the trial court severed the summary
judgment from the underlying cause. 
Parsons perfected this appeal from that summary judgment.

Parsons’s
pleading against Windle Turley alleges that a
constructive trust should be imposed against Windle
Turley because it has been unjustly enriched by the amount Parsons would have
recovered and the amount that a jury would have awarded if Windle
Turley had properly represented Parsons, had not committed fraud, and had not
breached its duties to Parsons.  Parsons
thus seeks to recover in the present suit the same damages that he sought to
recover against Windle Turley in the prior legal
malpractice suit.

Windle
Turley moved for summary judgment on several grounds.  One ground it asserted was that Parsons’s claims against it were barred by res judicata.  Windle Turley’s motion for summary judgment points out:

In this case, the Plaintiff
admits that the damages he seeks to recover against the Turley Defendants in
this lawsuit are the same damages that he sought to recover against the Turley
Defendants in the previous malpractice case, Parsons v. Turley.  The
Plaintiff also admits that his efforts to collect those damages in the Parsons v. Turley lawsuit were
unsuccessful because a judgment was entered against him in that case, and that
Judgment is now final.  In fact, it is
the very fact that the Plaintiff previously tried to recover against the Turley
Defendants and failed that forms the basis of his claims against Mr. Motsenbocker and Mr. Greenberg in this malpractice case.  [Internal summary judgment evidence references
omitted.]

 

Res judicata is an affirmative defense.  Tex. R. Civ. P. 94.  Res judicata
prevents the relitigation of a finally adjudicated
claim and related matters that should have been litigated in the prior
suit.  State & County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001).  Four elements must be met for a claim to be
barred by res judicata: (1) the parties in the two
actions must be identical; (2) the prior judgment must have been rendered by a
court of competent jurisdiction; (3) there must be a final judgment on the
merits; and (4) the same claim or cause of action must be involved in both
cases.  Igal v. Brightstar
Info. Tech. Group, Inc.,
250 S.W.3d 78, 86 (Tex. 2008); Amstadt v. U.S. Brass
Corp., 919 S.W.2d 644, 652 (Tex. 1996). 
In short, res judicata precludes parties from relitigating claims that have been finally adjudicated by a
competent tribunal.  Igal, 250 S.W.3d
at 86.

          A movant for
a traditional summary judgment has the burden of showing that no genuine issue
of material fact exists and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  A movant seeking
summary judgment on an affirmative defense has the burden to conclusively establish
each element of the affirmative defense as a matter of law.  Id.; Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000);
Rhône-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222–23 (Tex. 1999); Walker v.
Harris, 924 S.W.2d 375, 377 (Tex. 1996).  In deciding whether a disputed material fact
issue exists precluding summary judgment, evidence
favorable to the nonmovant will be taken as true.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  Every reasonable inference must be indulged
in favor of the nonmovant and any doubts resolved in
its favor.  City of Keller v. Wilson, 168 S.W.3d
802, 824–25 (Tex. 2005).  When a movant asserts multiple grounds for summary judgment, and
the order does not state the theory upon which the trial court based its judgment,
the nonmovant must show on appeal the failure of at
least one element of each theory asserted. 
Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).

          The summary judgment evidence
presented by Windle Turley conclusively established
each of the elements of the affirmative defense of res judicata.  The pleadings in Parsons v. Turley[2] are contained in the summary judgment
record and conclusively establish that the parties in the two actions are
identical: Parsons and Windle Turley.  The judgment signed by the trial court and
the court of appeals’s opinion affirming the trial
court’s judgment in Parsons v. Turley
are contained in the summary judgment record.  Thus, the fact that a final judgment on the
merits was rendered by a court of competent jurisdiction against Parsons and in
favor of Windle Turley in the prior action is
conclusively established.[3]  And finally, comparing Parsons’s
current pleadings against Windle Turley with his
prior pleadings against Windle Turley in Parsons v. Turley, it is clear that by
the present lawsuit Parsons seeks to recover the same damages he asserted in Parsons v. Turley––monies he claims he
would have obtained in the wrongful death and survival litigation but for Windle Turley’s allegedly negligent, fraudulent, and
wrongful conduct during its representation of him in the wrongful death and survival
actions.  The summary judgment evidence
presented to the trial court conclusively established every element of the
affirmative defense of res judicata; the trial court
did not err by granting summary judgment for Windle
Turley on that ground.  We overrule Parsons’s seventh issue. 


          Because the trial court’s summary
judgment for Windle Turley may be upheld on the
ground of res judicata, we need not address Parsons’s fifteen other issues challenging the other
grounds for summary judgment asserted by Windle
Turley and the exclusion of Parsons’s summary
judgment evidence.[4]  See
Provident Life, 128 S.W.3d at 216 (“Because the trial court’s order does
not specify the grounds for its summary judgment, we must affirm the summary
judgment if any of the theories presented to the trial court and preserved for
appellate review are meritorious.”).

          In his seventeenth issue, Parsons
argues that Judge Melody Wilkinson should have been disqualified from presiding
over his lawsuit.  Parsons filed a motion
to disqualify Judge Fred W. Davis and his successor, Judge Melody
Wilkinson.  The motion alleges that Judge
Wilkinson has “direct pecuniary or personal interests in the results of this
case.”  Parsons alleged that Judge
Wilkinson has an interest in the case because (1) she formerly was defense
counsel of record in asbestos cases in which Baron & Budd were plaintiffs’
counsel––Parsons had added Baron & Budd as defendants in the present case;
and (2) R.H. Wallace, defense counsel for Motsenbocker,
was, in another lawsuit, defending the law firm in which Judge Wilkinson previously
was a partner on a cause of action that may have matured while Judge Wilkinson was
a partner.  Parsons’s
motion to disqualify Judge Wilkinson was heard by the presiding judge of the
eighth administrative region and was denied.

When
a party files a motion contending that a judge is disqualified from sitting in
a case, that motion must comply with the procedural requirements prescribed by Texas
Rule of Civil Procedure 18a.  See Tex. R. Civ. P. 18a; Drum v. Calhoun, 299 S.W.3d 360, 372
(Tex. App.––Dallas 2009, pet. denied), petition
for cert. filed, ___ U.S.L.W. _____ (U.S. Nov. 12, 2010) (No.
10-7597).  One of the procedural
requirements of rule 18a is that a motion for disqualification “must state with
particularity the grounds why the judge before whom the case is pending should
not sit.”  Tex. R. Civ. P. 18a(a); Drum, 299
S.W.3d at 372.  The grounds for
disqualification of a judge are found in the Texas constitution and Texas Rule
of Civil Procedure 18b(1).  Drum,
299 S.W.3d at 372. 
Under the Texas constitution,

No judge shall sit in
any case where in the judge may be interested, or where either of the parties
may be connected with the judge, either by affinity or consanguinity, within
such a degree as may be prescribed by law, or when the judge shall have been
counsel in the case.

 

Tex.
Const. art. V, § 11; Drum, 299 S.W.3d at 372.  And under rule 18b(1),
judges are disqualified if

(a) they have served
as a lawyer in the matter in controversy, or a lawyer with whom they previously
practiced law served during such association as a lawyer concerning the
matter;  or

 

(b) they know that, individually or as a fiduciary, they have an
interest in the subject matter in controversy; or

 

(c) either of the parties may be related to them by affinity or
consanguinity within the third degree.

 

Tex.
R. Civ. P. 18b(1); Drum,
299 S.W.3d at 372. 

          Here, Parsons’s
motion to disqualify Judge Wilkinson does not allege any of these grounds for
disqualification.  No party in the
present litigation is connected to Judge Wilkinson by affinity or
consanguinity.  Judge Wilkinson never
served as a lawyer in the present lawsuit and no lawyers that she practiced law
with served as a lawyer in the present lawsuit while she practiced with
them.  Judge Wilkinson did not
individually or as a fiduciary have any interest in the subject matter of Parsons’s lawsuit. 
Thus, we hold that the presiding judge of the administrative region did
not abuse his discretion by denying Parsons’s motion
to disqualify Judge Wilkinson.  See Drum, 299 S.W.3d
at 372.  We overrule Parsons’s seventeenth issue.

Having
overruled Parsons’s seventh and seventeenth issues
and having concluded that we need not address Parsons’s
other issues, we affirm the trial court’s summary
judgment for Windle Turley.  See
Tex. R. App. P. 47.1.

 

 

SUE WALKER
JUSTICE

 

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]109 S.W.3d 804
(Tex. App.––Dallas 2003, pet. denied).





[3]Parsons argues
that the trial court’s judgment was not a final judgment on the merits because
the trial court granted summary judgment for Windle
Turley on limitations grounds.  But a
summary judgment on limitations is a judgment on the merits.  See, e.g., Tex. Beef Cattle Co. v. Green, 921 S.W.2d 203, 212 (Tex. 1996)
(recognizing that an affirmative defense, like limitations, does not seek to
defend by merely denying the plaintiff’s claims but rather seeks to establish
an independent reason why the plaintiff cannot recover).  That is, a summary judgment on limitations is
a judgment on the merits that the plaintiff cannot recover.





[4]We
considered Parsons’s summary judgment evidence in our
review, and even considering it, Windle Turley
conclusively established every element of res judicata
and its right to judgment as a matter of law on that affirmative defense.